**PERFECT INVESTMENTS, INC., Appellant,**

v.

**UNDERWRITERS AT LLOYD'S, LONDON, Appellee.**

**No. 71996.**

Supreme Court of Oklahoma.

Nov. 14, 1989.

George L. de Verges, Tulsa, for appellant.

Burton J. Johnson, Richard B. O'Connor, Oklahoma City, for appellee.

## MEMORANDUM OPINION

KAUGER, Justice.

The dispositive issue on appeal is whether the appellant/loss payee/mortgagee may proceed with an action against the

---

appellee/insurance company after the insured dismisses her claim with prejudice following settlement with the insurance company. We find that the cause is governed by *Conner v. Northwestern Nat'l Casualty Co.*, 774 P.2d 1055, 1057 (Okla. 1989), in which we held that a loss payee may maintain an action against an insurer if a settlement is reached between the insurer and its insured without the loss payee's knowledge and consent. We find that the trial court erred in sustaining the insurance company's motion to dismiss without determining whether the settlement was made with the knowledge and consent of the loss payee.

## FACTS

On November 17, 1981, Florence Deal Tranum (Tranum/insured) borrowed $50,000.00 from the Bank of Commerce & Trust Company (Bank) to purchase a drilling rig. The note was payable on demand or at the end of ninety-one days. On February 12, 1982, Tranum purchased a $96,000 insurance policy from the appellee, Underwriters at Lloyd's, London (Lloyd's/insurer), covering the drilling rig. The policy named Florence & Associates, a company owned and operated by Tranum, as the insured. Although the Bank was not a named insured in the policy, the floater form attached to the policy named both the insured and the Bank as loss payees. Tranum was unable to retire the note when it was due. However, she paid $2,313.57 in interest, and on April 2, 1982, the Bank extended the note. According to the terms of the extension, Tranum was required to make monthly payments of $10,000 plus interest beginning May 1, 1982—Tranum defaulted on the note.

On June 5, 1982, the Bank repossessed the drilling rig, and placed it in the HEC Supply Company's storage yard. The drilling rig was stolen from the supply company's yard on June 18, 1982. It has not been recovered. Tranum and the Bank filed proof of loss forms. The claims were denied on two bases—that Tranum misrepresented the value of the drilling rig when she procured the insurance policy; and that she misrepresented the value of the loss when the rig was stolen.

The Bank filed suit against Lloyd's on January 14, 1983, seeking to recover for loss of the drilling rig under the insurance policy. Tranum was named as an additional plaintiff in the action on October 18, 1984. The Bank was closed by the Oklahoma Banking Commission on May 8, 1986, and the Federal Deposit Insurance Corporation (FDIC) was named as receiver. The appellant, Perfect Investments, Inc. (Perfect/loss payee/mortgagee), became the Bank's successor through the purchase of a loan package from the FDIC. Perfect was substituted as party plaintiff for the Bank on April 16, 1987.

On September 30, 1988, three days before trial, Tranum settled her claim with Lloyd's, and she dismissed her cause with prejudice. The settlement is noted in Perfect's petition in error, and Lloyd's does not dispute the existence of the settlement. (However, *the terms of the settlement resulting in the insured's dismissal are not set forth in the record.*) On October 3, 1988, Lloyd's moved to dismiss Perfect's causes of action asserting that because of Tranum's settlement, the Bank had no independent claim or cause of action against Lloyd's. The trial court sustained the motion to dismiss finding that Perfect, a loss payee to the insurance contract, lacked standing independent of Tranum to recover under the insurance policy.

A SIMPLE LOSS PAYEE'S RIGHT TO PROCEED AGAINST AN INSURER CANNOT BE DEFEATED BY A SETTLEMENT BETWEEN THE INSURED AND INSURER MADE WITHOUT THE KNOWLEDGE AND CONSENT OF THE LOSS PAYEE.

Tranum is barred from pursuing an action against Lloyd's by her dismissal with prejudice entered on October 3, 1988.[1]

---

1. See, 12 O.S.1981 § 684. A dismissal with prejudice is the equivalent to an adjudication upon the merits and operates as a bar to a future action. See, *Shell Petroleum Corp. v. Hess*, 190 Okla. 669, 126 P.2d 534, 536 (1942).

Lloyd's asserts that because Perfect is a loss payee with no rights greater than Tranum's, Perfect cannot seek directly to recover insurance proceeds from the insurer. Perfect maintains that it can sue Lloyd's without joining Tranum.

The issue in *Conner v. Northwestern Nat'l Casualty Co.*, 774 P.2d 1055, 1057 (Okla.1989) was whether a simple loss payee is bound by settlement negotiations between an insurer and its insured mortgagor.[2] We held that a loss payee is not bound by an insurance company's settlement agreement with a mortgagor entered without the knowledge or consent of the loss payee. In so holding, we aligned ourselves with the majority view. We said:

> "The predominant rule is that a mortgagee entitled to proceeds of an insured loss by reason of a simple loss payable clause is not affected or bound by an adjustment of the loss, whether by arbitration or settlement, between the insured mortgagor and the company without the mortgagee's knowledge or consent."

Because the loss payee did not participate in settlement negotiations between the insurer and its insured, he was found to have the right to maintain an independent claim or cause of action against the insured.

In *Conner*, the insureds settled a fire insurance claim with their insurer. Because the insurance policy also named Conner as a loss payee, checks were issued jointly to both the insureds and Conner. The checks were mailed to the insureds who forged Conner's name and cashed the checks. Conner was unaware of the settlement, and he filed a claim with the insurance company. The insurer relying on the insureds' settlement of the claim as a bar to the loss payee's right to maintain an action to recover the insurance proceeds asserted that it was not liable for the insureds' forgery. Here, although Lloyd's asserts that Perfect's dismissal with prejudice results in Perfect's being barred to sue for the insurance proceeds, that dismissal was procured through a settlement.

The record reflects neither the terms of the settlement entered between Lloyd's and Tranum, nor whether Perfect was aware of the settlement or consented to its terms. Under *Conner*, a loss payee cannot be barred from maintaining a direct action against the insured by a settlement in which it does not participate. We note that the trial court did not have the benefit of the *Conner* teaching because the order was issued before *Conner* was promulgated. Therefore, the cause is remanded for an evidentiary hearing to determine whether Perfect had knowledge of, or consented to, the terms of the settlement between Lloyd's and Tranum which resulted in Tranum's dismissal with prejudice.

## CONCLUSION

The trial court erred in sustaining the appellee/insurance company's motion to dismiss without determining whether the settlement was made with the knowledge and consent of the loss payee.

**REVERSED AND REMANDED.**

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, J., dissents.

---

2. The Court referred to the mortgagee as "the named insured loss payee." See, *Conner v. Northwestern Nat'l Casualty Co.*, 774 P.2d 1055, 1058 (Okla.1989). However, because the clause contained no express protection for the mortgagee, the clause at issue was treated as a simple loss payee clause.